## LIPSCOMB v. McKNIGHT et al.

### No. 3868.

Court of Civil Appeals of Texas. Texarkana.

June 23, 1930.

Cunningham & Lipscomb, of Bonham, for appellant.

Sturgeon, Birmingham & Sturgeon, of Paris, Tex., for appellees.

WILLSON, C. J. (after stating the case as above).

■ It is insisted that the judgment from which this appeal is prosecuted is fundamentally erroneous, in that it decrees a cancellation in toto of (1) the judgment in said suit No. 11078, (2) the order of sale issued on that judgment, and (3) the sheriff's deed conveying the 100 acres to appellant as the purchaser thereof at the sale under said order and judgment. The contention is that in any event the instruments were invalid only so far as they affected the title in Patsy McKnight to an undivided interest of three-fourths of the 100 acres, and that said instruments therefore should have been canceled only so far as they affected that undivided interest. The contention is sustained, and the judgment now before us for revision will be reformed so as to cancel the judgment in said suit No. 11078 only that far, divesting out of appellant any right, title, and interest in him in said three-fourths undivided interest in said 100 acres by virtue of said judgment, order of sale issued thereon, and sheriff's deed, and vesting same in appellee Patsy McKnight. Other contentions presented in appellant's brief will be overruled, and said judgment in said suit No. 11078, when reformed as indicated, will be affirmed.

■ The prayer in appellees' petition was for relief only as to Patsy McKnight's said undivided interest. Had the error in the judgment been called to the court's attention during the term at which said judgment in suit No. 11078 was rendered, it doubtless would have been corrected to conform to said prayer. Therefore the costs of this appeal as well as the costs in the court below will be adjudged against appellant.